1 **LEWIS BRISBOIS BISGAARD & SMITH LLP**
JEFFREY S. RANEN, SB#224285
2    E-Mail: Jeffrey.Ranen@lewisbrisbois.com
SOOJIN KANG, SB# 219738
3    E-Mail: Soojin.Kang@lewisbrisbois.com
633 West 5th Street, Suite 4000
4 Los Angeles, California 90071
Telephone: 213.250.1800
5 Facsimile: 213.250.7900

6 **LEWIS BRISBOIS BISGAARD & SMITH LLP**
NOLAN W. KESSLER, SB# 327178
7    E-Mail: Nolan.Kessler@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
8 Sacramento, CA  95833
Telephone:  916.564.5400
9 Facsimile:  916.564.5400

10 Attorneys for Defendant H&E EQUIPMENT SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| CHARISMA COLEMAN, individually, and on behalf of other members of the general public similarly situated,, | Case No.<br><br>**DEFENDANT'S NOTICE OF REMOVAL** |
|---|---|
| Plaintiff, | |
| vs. | |
| H&E EQUIPMENT SERVICES, INC., a Delaware corporation; and DOES 1 through 100, inclusive,, | |
| Defendant. | Action Filed:   July 27, 2020<br>Trial Date:     None Set |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF, AND HIS ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that Defendant H&E Equipment Services, Inc. hereby removes the action *Charisma Coleman v. H&E Equipment Services, Inc.*, pending in the Superior Court of California, County of Alameda, Case No. RG20069157, to the United States District Court for the Northern District of California.  Removal is based on the Class Action Fairness Act ("CAFA").

4818-0744-2634.1                                                                                                      Case No.
DEFENDANT'S NOTICE OF REMOVAL

1  This Court has original subject matter jurisdiction over Plaintiff Charisma Coleman's ("Plaintiff")
2  lawsuit under 28 U.S.C. §§ 1332(d)(2), 1441, 1453, and 1446, because it is a proposed class
3  action, minimal diversity exists, and the amount in controversy exceeds $5,000,000. Accordingly,
4  removal is proper based on the following grounds:

5  **I.    STATEMENT OF JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT**
6

7  1.    On February 18, 2005, the Class Action Fairness Act ("CAFA") was enacted. In
8  relevant part, CAFA grants federal district courts original jurisdiction over civil class action
9  lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of
10  a state different from any defendant, and where the amount in controversy exceeds $5,000,000,
11  exclusive of interest and costs.

12  2.    This Court has jurisdiction over this case under the Class Action Fairness Act, 28
13  U.S.C. section 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C.
14  section 1441(a), in that it is a civil action wherein: (1) the proposed class contains at least 100
15  members; (2) the defendant is not a state, state official, or other governmental entity; (3) the total
16  amount in controversy for all class members exceeds $5,000,000; and (4) there is diversity of
17  citizenship between at least one class member and one defendant. Each of these conditions were
18  satisfied at the time this action was initiated and now at the time of removal.

19  3.    CAFA's minimal diversity requirement is satisfied when: (1) at least one plaintiff is
20  a citizen of a state in which none of the defendants are citizens, (2) at least one plaintiff is a citizen
21  of a foreign state and one defendant is a U.S. citizen, or (3) at least one plaintiff is a U.S. citizen
22  and one defendant is a citizen of a foreign state. *See* 28 U.S.C. § 1322(d).

23  4.    As set forth below, this case meets all of CAFA's requirements for removal and is
24  timely and properly removed by the filing of this Notice.

25  **II.   CLAIMS AND PROCEDURAL HISTORY**

26  5.    On or about July 27, 2020, Plaintiff filed a putative class action complaint against
27  Defendant in the Superior Court of California, County of Alameda, Case No. RG20069157 (the
28  "Complaint") on behalf of herself and on behalf of all other purportedly similarly situated hourly-

1 paid or non-exempt employees. On August 5, 2020, Plaintiff served a copy of the Complaint, Summons, and Civil Case Cover Sheet on Defendant. Attached hereto as **Exhibits A-C** are true and correct copies of the Complaint, Summons, and Civil Case Cover Sheet.

6. On or about August 4, 2020, the Court issued a Notice of Case Management Conference and Order. On or about August 4, 2020, the Court issued a Notice of Assignment of Judge for All Purposes. On or about August 10, 2020, the proof of service of the Complaint as to Defendant was filed. On or about August 13, 2020, Plaintiff filed a Notice of Case Assignment, Case Management Conference, and Case Management Order. Attached hereto as **Exhibits D-G** are true and correct copies of the Notice of Case Management Conference and Order, Notice of Assignment of Judge for All Purposes, proof of service of the Complaint, and Notice of Case Assignment.

7. Plaintiff's Complaint asserts a claim for relief arising out of her employment with Defendant, namely, violation of Business and Professions Code sections 17200, *et seq.*

8. Plaintiff's Complaint is styled as a putative class action under Code of Civil Procedure section 382. Plaintiff seeks to represent a putative class of "[a]ll current and former California-based (*i.e.*, currently 'residing' in California with the intent to remain in California indefinitely) hourly-paid or non-exempt employees of Defendant within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment" ("Putative Class"). (Complaint, ¶ 20.)

9. A copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Superior Court of California for the County of Alameda. **Exhibits A-G** contain all "process, pleadings, and orders" served on Defendant in accordance with 28 U.S.C. section 1446(a). No other proceedings have been held in this action.

### III. JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT IS SATISFIED

10. Under CAFA, a removing defendant need not submit any evidence of the facts establishing jurisdiction in its notice of removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 551 (2014) (A notice of removal "need not contain evidentiary

<a>
</a>

1  submissions."). Rather, "[a] defendant's notice of removal need include only a plausible
2  allegation that the jurisdictional facts exist." *Id.* at 554. Evidence is required "***only*** when the
3  plaintiff contests, or the court questions, the defendant's allegation." *Id.* (emphasis added); *Arias*
4  *v. Residence Inn by Marriott*, 936 F.3d 920 (9th Cir. 2019) (courts may not remand where notice
5  of removal plausibly alleges the basis for removal, without giving the defendant an opportunity to
6  prove the jurisdictional requirements are satisfied).

7      11. The United States Supreme Court in *Dart Cherokee* held that "no antiremoval
8  presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of
9  certain class action in federal court," adding that "CAFA should be read 'with a strong preference
10 that interstate class actions should be heard in a federal court if properly removed by any
11 defendant.'" *Id.* Following *Dart Cherokee*, the Ninth Circuit has directed the district courts to
12 "interpret CAFA's provisions under section 1332 broadly in favor of removal . . . ." *Jordan v.*
13 *Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015); *see also Ibarra v. Manheim Invs.,*
14 *Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("Congress intended CAFA to be interpreted
15 expansively.") In *Bridewell-Sledge v. Blue Cross*, 798 F.3d 923 (9th Cir. 2015), the Ninth Circuit
16 held that under *Dart Cherokee*, the district court erred "in its remand orders by applying a 'strong
17 presumption against removal jurisdiction.'" *See also Moppin v. Los Robles Reg'l Med. Ctr.*, 2015
18 U.S. Dist. LEXIS 129574, at *4 (C.D. Cal. 2015) ("[N]o presumption against removal exists in
19 cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in
20 federal court.").

21     **A.**   **The Case is a Proposed Class Action with a Putative Class of at Least**
        **100 Members, and Defendant is not a State, State Official, or**
22         **Government Entity**

23     12. This action has been styled as a California class action under California Code of
24 Civil Procedure section 382. (Complaint, ¶ 12 ("Plaintiff brings this action on her own behalf and
25 on behalf of all other members of the general public similarly situated, and, thus, seeks class
26 certification under Code of Civil Procedure section 382.")). Code of Civil Procedure section 382
27 is a state statute authorizing an action to be brought by one or more representative persons as a
28 class action.



4818-0744-2634.1                           4                         Case No.
DEFENDANT'S NOTICE OF REMOVAL

13. 28 U.S.C. section 1332(d)(5) excludes from CAFA jurisdiction cases in which "the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief; or . . . the number of members of all proposed plaintiff classes in the aggregate is less than 100."

14. Defendant is neither a state, state official, nor a government entity.

15. On the basis of its own investigation, Defendant determined there are more than 100 current and former hourly-paid or non-exempt employees in California during the four-year period prior to the filing of the Complaint. Therefore, Plaintiff's proposed class consists of at least 100 members now at the time of removal and at the institution of this civil action.

**B.  Minimum Diversity of Citizenship Exists**

16. CAFA requires minimum diversity of citizenship, pursuant to 28 U.S.C. section 1322(d)(2):

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which –
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

17. Plaintiff's Complaint alleges that she is a resident of California. (Complaint, ¶ 5). Plaintiff's Complaint further alleges that the Putative Class consists of "[a]ll current and former **California-based (*i.e.*, currently 'residing' in California with the intent to remain in California indefinitely)** hourly paid or non-exempt employees of Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment." *Id.* at ¶ 13 (emphasis added).

18. Although no *evidence* of domicile is required at the notice of removal stage (*Dart Cherokee*, 135 S.Ct. at 554), "[p]roof of residence in a state is usually thought *prima facie* evidence of domicile . . . ." *Bradley Min. Co. v. Boice*, 194 F.2d 80, 84 (9th Cir. 1951); *see also Anderson v. Watt*, 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary . . . ."); *Barbosa v. Transp. Drivers, Inc.*, 2015 WL 9272828, at *2 (C.D. Cal. 2015) ("a person's residence is *prima facie* evidence of his or her

place of domicile for purposes of diversity jurisdiction") (quoting *Bey v. SolarWorld Indus. Am., Inc.*, 904 F.Supp.2d 1103, 1105 (D. Or. 2012)).  Furthermore, "a party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change." *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 885 (9th Cir. 2013).  Regardless, allegation of plaintiff's citizenship is sufficient for removal. *Ehrman v. Cox Communs., Inc.*, 932 F.3d 1233 (9th Cir. 2019).

19. Further, where there are no allegations of citizenship of certain parties in the complaint, a removing party may introduce "objective facts" in support of removal that would tend to show the domicile or citizenship of a party in a particular state. *See Lew v. Moss*, 797 F.2d 747, 749 (9th Cir 1986) ("[T]he determination of an individual's domicile involves a number of factors (no single factor controlling), including: current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes.").

20. Here, the Complaint affirmatively discloses that Plaintiff was a resident of California at the time this case was filed.  (Complaint, ¶ 5.)  Accordingly, Plaintiff is now at the time of this removal, and was at the institution of this civil action, a citizen of California for purposes of determining diversity. *See* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled); *see also State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (residence is *prima facie* evidence of domicile for purposes of determining citizenship).

21. Because Plaintiff resides in California, worked in California for Defendant, and because Plaintiff's proposed class is identified to include persons currently or formerly employed in the State of California by Defendant, Defendant may rely on the foregoing presumptions to establish that Plaintiff, and at least some of the putative class members, are now at the time of removal, and were at the institution of this civil action, domiciled in California and therefore citizens of California.

22. Here, Defendant is, now at the time of this removal, and was at the institution of this civil action, a corporation incorporated under the laws of Delaware. As a corporation, Defendant is deemed to be a citizen of the state in which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

23. In *Hertz Corp. v. Friend*, 559 U.S. 77, 92-3 (2010), the Supreme Court clarified the definition of a corporation's "principal place of business" and concluded that the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." The Supreme Court further clarified that, "in practice" the principal place of business "should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Id.* at 93.

24. Under the foregoing standard, Defendant is a citizen of Delaware and Louisiana for purposes of removal.

25. Defendant is incorporated in the state of Delaware, and maintains its corporate headquarters in Baton Rouge, Louisiana. Defendant's corporate and executive officers are employed in Louisiana. Defendant's administrative functions (including that of legal, payroll, and human resources) are conducted in Baton Rouge, Louisiana. Baton Rouge, Louisiana is also where the actual center of direction, control, and coordination for Defendant takes place. This is well established by the following facts: the corporate headquarters is the actual center of direction, control, and coordination of all major human resources, payroll, legal and administrative functions; and the respective officers for these departments work in Baton Rouge, Louisiana and are responsible for developing policies and protocols for Defendant. All of the facts alleged in this paragraph are true as of the time of this removal and were also true at the initiation of this civil action. Accordingly, Defendant's principal place of business is, and was at the institution of this civil action, in the State of Louisiana. *See* 28 U.S.C. § 1332(c)(1).

26. In accordance with the foregoing, Defendant is now at the time of removal, and was at the time of the institution of this civil action, a citizen of Delaware and Louisiana (and not a citizen of California), and Plaintiff and some of the putative class members are now at the time of

4818-0744-2634.1                                                 7                                                 Case No.
DEFENDANT'S NOTICE OF REMOVAL

removal, and were at the institution of this civil action, citizens of California (and not citizens of Delaware or Louisiana). Thus, the minimum diversity requirement under CAFA is satisfied.

27. Pursuant to 28 U.S.C. section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (citizenship of fictitious defendants disregarded for removal). Thus, the existence of Doe defendants 1 through 100 does not deprive this Court of jurisdiction.

28. In accordance with the foregoing, Plaintiff is a citizen of the State of California, while Defendant is a citizen of the States of Delaware (Defendant's state of incorporation) and Louisiana (the principal place of business for Defendant). Thus, the minimum diversity requirement under CAFA is satisfied.

**C.      The Amount in Controversy Exceeds the $5,000,000 Requirement Under CAFA**

29. Without making an admission of liability or damages with respect to any aspects of this case or the proper legal test(s) applicable to Plaintiff's allegations on behalf of herself and the putative class, the amount in controversy exceeds the jurisdictional minimum of this Court as detailed below.

30. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554(2014). Moreover, a defendant need not set forth evidence establishing the amount in its notice of removal. *Id.* A defendant is not obliged to "research, state, and prove the plaintiff's claims for damages." *McCraw v. Lyons*, 863 F.Supp. 430, 434 (W.D. Ky. 1994). A defendant can establish the amount in controversy by "providing only a short and plain statement of the grounds for removal." *Ehrman v. Cox Commc'ns, Inc.*, 2019 WL 3720013 (9th Cir. August 8, 2019); *see also Dart Cherokee*, 135 S.Ct. at 547 (holding that "a defendant's notice of removal need include only a plausible allegation that the amount in

controversy exceeds the jurisdictional threshold" and evidentiary submissions are required only if "the plaintiff contests, or the court questions, the defendant's allegations"). Here, Defendant alleges there is more than $5,000,000 in controversy.

31. CAFA authorizes the removal of class actions in which, among the other factors mentioned above, the aggregate amount in controversy for all class members exceeds five million dollars ($5,000,000.00). *See* 28 U.S.C. § 1332(d). By demonstrating that the actual amount in controversy exceeds the threshold, Defendant does not concede the validity of Plaintiff's claims or the likelihood that Plaintiff will recover anything.

32. "In determining the amount in controversy, the Court accepts the allegations contained in the complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every claim." *Henry v. Cent. Freight Lines, Inc.*, 692 F.App'x 806, 807 (9th Cir. 2017). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010); *see also Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504, at *3 (E.D. Cal. 2007) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe.") (original emphasis); *Coleman v. Estes Express Lines, Inc.*, 730 F.Supp.2d 1141, 1148 (C.D. Cal. 2010) ("In deciding the amount in controversy the Court looks to what the plaintiff has alleged, not what the defendants will owe.") (aff'd by 631 F.3d 1010 (9th Cir. 2011)).

33. In the Ninth Circuit, the amount in controversy is determined "at the time of removal." *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997)). In *Chavez v. JPMorgan Chase*, 888 F.3d 413, 417 (9th Cir. 2018), the Ninth Circuit held "[t]hat the amount in controversy is assessed at the time of removal does not mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy." *Chavez*, 888 F.3d at 417. *Chavez* held that "the amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages plaintiff-employee would have earned before removal (as opposed to after removal). Rather, the amount in controversy is determined by the complaint operative at the time

of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Id.* at 414-15. These principles were affirmed again by the Ninth Circuit in *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785 (9th Cir. 2018).

34. Plaintiff's pleadings in this action fail to affirmatively disclose the amount in controversy or information from which Defendant could readily ascertain the amount in controversy without independent investigation and analysis. Plaintiff's Complaint was "indeterminate" as to whether federal jurisdiction under 28 U.S.C. section 1332(d) existed within the meaning of *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689 (9th Cir. 2005) and *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121 (9th Cir. 2013).

35. Defendant provides the following calculations only to demonstrate that the amount in controversy in this case easily exceeds the jurisdictional amount in controversy under CAFA jurisdiction. Defendant makes no admission of any liability or damages with respect to any aspect of this case, or to the proper legal test to be applied to Plaintiff's claims. Nor does Defendant waive its right to ultimately contest the proper amount of damages due, if any, should Plaintiff prevail with respect to any of her claims.

36. Defendant independently determined based on its own business records that Plaintiff's proposed Putative Class is comprised of approximately 300 current and former employees in California during the four-year period prior to the filing of the Complaint.

37. Defendant independently determined based on its own business records that Putative Class members worked a total of approximately 25,000 workweeks at an average hourly rate of approximately $23 during the four-year period prior to the filing of the Complaint.

### 1. *Amount in Controversy for Rest Period Premiums*

38. Rest breaks under California law are required for non-exempt employees who work three and a half (3.5) or more hours in a day. Non-exempt employees are entitled to a rest period of ten (10) minutes for each four (4) hours, or major fraction thereof, that they work in a day. *See* California Wage Orders, § 12. California law requires employers to pay employees one additional hour of pay at the employee's regular rate of compensation for each workday that a rest period that is required to be provided is not provided. Cal. Labor Code § 226.7.

39. Plaintiff alleges that "Defendants failed to provide Plaintiff and other class members the required meal periods and rest breaks during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties." (Complaint, ¶ 30). Additionally, Plaintiff alleges that "Defendants knew or should have known that Plaintiff and other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's regular rate of pay when a rest period was missed, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and other class members' regular rate of pay when a rest period was missed." *Id.* at ¶ 32. Further, Plaintiff alleges that "[a]t all relevant times set forth herein, Defendants failed to provide uninterrupted meal periods and rest breaks to Plaintiff and other class members." *Id.* at ¶ 37.

40. In *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094 (2007), the California Supreme Court held that the premiums due under California Labor Code section 226.7 are compensatory wages for statute of limitations purposes and therefore have a three year statute of limitations period. *See* Cal. Code Civ. Proc. § 338(a).

41. Plaintiff, however, asserts that Defendant's alleged Labor Code violations "constitute[] unlawful and/or unfair activity prohibited by California Business & Professions Code section 17200, *et seq.*" and thus seeks restitution for Plaintiff and the Putative Class. (Complaint, ¶ 47). California District Courts are split as to whether an award under Section 226.7 is restitutionary and recoverable under California Business & Professions Code section 17200, which has a four year statute of limitations and would extend the time to seek unpaid meal and rest period premiums. Cal. Bus. & Prof. Code § 17208; *compare Horton v. NeoStrata Co.*, 2017 WL 2721977 (S.D. Cal. 2017) and *Dittmar v. Costco Wholesale Corp.*, 2016 WL 3387464 (S.D. Cal. 2017) with *Parson v. Golden State FC, LLC*, 2016 WL 1734010 (N.D. Cal. 2016) and *Guerrero v. Halliburton Energy Servs. Inc.*, 231 F.Supp.3d 797 (E.D. Cal. 2017).

42. Because the jurisdictional amount in controversy is determined based on what Plaintiff alleges, not what she will ultimately recover, the four year limitations period under California Business & Professions Code section 17200 is appropriate for jurisdictional purposes.

1  Therefore, the relevant time period to calculate Plaintiff's amount in controversy for alleged rest
2  period violations is four years prior to the date Plaintiff filed her Complaint to the present, *i.e.*
3  from July 27, 2016 to the present. (*See* Complaint, ¶ 13 (defining the class period as reaching
4  back four years)).

43. Defendant independently determined based on its own business records and on the allegations within Plaintiff's Complaint that the amount in controversy for the rest period premium claim is approximately $2,875,000 based on five missed rest breaks per week (25,000 workweeks x 5 missed rest periods per week x $23 hourly rate).

### 2. *Amount in Controversy for Meal Period Premiums*

44. California law requires employers to pay employees one additional hour of pay at the employee's regular rate of compensation for each workday a meal period that is required to be provided is not provided. Cal. Labor Code § 226.7. California law requires provision of meal breaks to non-exempt employees who work more than five hours in a workday. Cal. Labor Code § 512. Plaintiff alleges that "Defendants failed to provide Plaintiff and other class members the required meal periods and rest breaks during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties." (Complaint, ¶ 30). Additionally, Plaintiff alleges that "Defendants knew or should have known that Plaintiff and other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and other class member's regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and other class member's regular rate of pay when a meal period was missed. *Id.* at ¶ 31. Further, Plaintiff alleges that "[a]t all relevant times set forth herein, Defendants failed to provide uninterrupted meal periods and rest breaks to Plaintiff and other class members." *Id.* at ¶ 37.

45. Similar to Plaintiff's rest period allegations, Plaintiff alleges that Defendant violated California Business & Professions Code sections 17200 *et seq.* for the alleged failure to provide meal periods. (Complaint, ¶ 47). As noted above, the limitations period for a claim under California Business & Professions Code section 17200 is four years, and the appropriate period to

use for determining the amount in controversy. Cal. Bus. & Prof. Code § 17208.

46. Therefore, Defendant independently determined based on its own business records and on the allegations within Plaintiff's Complaint that the amount in controversy for the meal period premium claim is approximately $2,875,000 based on five missed rest breaks per week (25,000 workweeks x 5 missed meal periods per week x $23 hourly rate).

47. Therefore, the amount in controversy for Plaintiff's meal and rest period premium claims alone exceed the jurisdictional minimum of $5,000,000.

48. Defendant is justified in using a 100% violation rate in computing the amount in controversy based on the nature of Plaintiff's allegations that Defendant "failed to provide uninterrupted meal periods and rest breaks to Plaintiff and other class members. (Complaint, ¶ 37). Further justifying Defendant's use of a 100% violation rate in computing the amount in controversy is Plaintiff's allegation that "Defendants engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California. This scheme involved, inter alia, failing to properly calculate their overtime pay and pay them for all hours worked, missed meal and rest periods in violation of California law." *Id.* at ¶ 27. *See Coleman*, 730 F.Supp.2d at 1149 (C.D. Cal. 2010) ("courts have assumed a 100% violation rate in calculating the amount in controversy when the complaint does not allege a more precise calculation"); *see also Sanchez v. Russell Sigler, Inc.*, 2015 U.S. Dist. LEXIS 55667, *16 (C.D. Cal. Apr. 28, 2015) ("Defendant's use of a 100% violation rate is proper in this case because Plaintiff's complaint alleges universal deprivation of meal and rest periods"); *Mortley v. Express Pipe & Supply Co.*, 2018 WL 708115, at *4 (C.D. Cal. 2018) (100% violation rate proper when allegations are "routine and systematic violations" of California's meal and rest period laws); *Torres v. Secure Communication Systems, Inc.*, No. SACV-20-980 JVS(JDEx), Dkt. No. 28 (C.D. Cal. July 20, 2020).

### 3. *Amount in Controversy for Plaintiff's Other Claims*

49. In addition to the claims identified above, Plaintiff alleges that she and the Putative Class were not paid overtime wages, minimum wages, and reimbursement for business expenses in accordance with California law. (Complaint, ¶¶ 36, 38, and 34.)

50. California Labor Code section 1194 states that an employee receiving less than the legal minimum wage or the legal overtime wage is entitled to recover the amount owed in a civil action. California Labor Code section 2802(a) states that an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties. Like unpaid minimum wages, overtime wages, and premium wages, business expenses are recoverable as restitution under California Business & Professions Code section 17200. *See Espejo v. The Copley Press, Inc.*, 13 Cal.App.5th 329, 367 (2017) (citing *Cortez v. Purolater Air Filtration Products Co.*, 23 Cal.4th 163 (2000)); *see also Harris v. Best Buy Stores, L.P.*, 2016 WL 4073327, at *10 (N.D. Cal. 2016) (UCL claim may be maintained to the extent it is predicated on plaintiff's section 2802 claim).

51. For these reasons, Plaintiff's claims for unpaid overtime wages, minimum wages, and reimbursement of business expenses further increases the amount in controversy beyond the jurisdictional minimum of $5,000,000.

### 4. *Amount in Controversy for Attorneys' Fees*

52. Plaintiff also alleges an entitlement to attorneys' fees. *(See generally* Complaint, Prayer for Relief). Under Ninth Circuit precedent, a plaintiff's claim for attorneys' fees must be included in the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ([W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.") In *Fritsch*, the Ninth Circuit held that future attorneys' fees that are claimed, but not accrued at the time of removal, must be considered in the amount in controversy. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794-796 (9th Cir. 2018).

53. Courts may use a 25% benchmark of total recovery when estimating the attorneys' fees in controversy. *Greene v. Harley-Davidson, Inc.*, No. 20-55281, fn. 4 (9th Cir. July 14, 2020); *Garibay v. Archstone Communities LLC*, 539 F.App'x 763, 764 (9th Cir. 2013); *Rodriguez v. Cleansource, Inc.*, 2014 WL 3818304, at *4 (S.D. Cal. 2014); *Marshall v. G2 Secure Staff, LLC*, 2014 WL 3506608 (C.D. Cal. 2014); *Jasso v. Money Mart Exp., Inc.*, 2012 WL 699465 (N.D. Cal. 2012); *Ramos v. Schenker, Inc.*, 2018 WL 5779978, at *3 (C.D. Cal. 2018); *Ramirez v. Benihana*

1  *Nat'l Corp.*, 2019 WL 131843, at *2 (N.D. Cal. 2019); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) ("This circuit has established 25% of the common fund as a benchmark award for attorney fee.")  Thus, an additional minimum amount of $1,437,500 must be included in the amount in controversy ([$2,875,000 alleged rest period premiums + $2,875,000 alleged meal period premiums] x 25% = $1,437,500).

54.   And at least the same amount in controversy for alleged attorneys' fees is in controversy using the "lodestar" method of fee computation.  *See Chavez v. Netflix, Inc.*, 162 Cal.App.4th 43, 66 n.11 (2008) ("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class action average around one-third of the recovery."); *see also Smith v. CRST Van Expedited, Inc.*, 2013 WL 163293, at *5 (S.D. Cal. 2013) ("California has recognized that most fee awards based on either a lodestar or percentage calculation are 33 percent and has endorsed the federal benchmark of 25 percent.").

55.   For all the foregoing reasons, Defendant alleges that the amount placed in controversy by Plaintiff is significantly greater than the jurisdictional minimum of $5,000,000 required by CAFA, both at the time of removal and at the institution of this civil action.  The amount in controversy requirement for CAFA is therefore satisfied.

### D.     No CAFA Exceptions Apply

56.   CAFA contains a number of exceptions to its grant of original jurisdiction, contained in 28 U.S.C. sections 1332(d)(3)-(4).  However, none of these exceptions are applicable here.  The party resisting removal has the burden of proving the existence of a CAFA exception.  *King v. Great Am. Chicken Corp.*, 903 F.3d 875, 878 (9th Cir. 2018).

57.   The first is a discretionary exception based on the number of putative class members found in the state where the action was filed.  *See* 28 U.S.C. § 1332(d)(3).  However, the exception only applies where the "primary defendants are citizens of the State in which the action was originally filed."  Here, the action was originally filed in California and, as noted above, Defendant is not a citizen of California.  Thus, the exception does not apply.

58.   Similarly, 28 U.S.C. section 1332(d)(4) contains two further exceptions to CAFA's grant of jurisdiction, based on the number of putative class members in the state in which the

action is filed. However, these exceptions, too, only apply where all primary defendants, or at least one defendant, is a "citizen of the State in which the action was originally filed." *See* 28 U.S.C. §§ 1332(d)(4)(A)(i)(II) and 1332(d)(4)(B). Given that this action was originally filed in California, and Defendant is not a California citizen, these exceptions also do not apply.

## IV. TIMELINESS OF REMOVAL

59. Under 28 U.S.C. section 1446(b), there are "two thirty-day windows during which a case may be removed—during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant receives a paper 'from which it may first be ascertained that the case is one which is or has become removable' if 'the case stated by the initial pleading is not removable.'" *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005).

60. When a complaint is "indeterminate," a defendant is under no duty to investigate the facts showing the basis for removal, and the first 28 U.S.C. section 1446(b) thirty-day window does not begin to run. *Id.* at 692-695. "[T]he ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under section 1446(b) to begin." *Id.* at 695; *see also Taylor v. Cox Communications California, LLC* 2016 WL 2902459 at *4 (C.D. Cal. 2016) (affirming that "materials outside the complaint do not start the thirty-day clock"). This reasoning was more recently confirmed in *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013): "even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document." *See also Torres v. Secure Communications Systems, Inc.*, No. SACV 20-980 JVS(JDEx), Dkt. No. 28 (C.D. Cal. July 20, 2020).

61. A complaint is "indeterminate" when "it is unclear from the complaint whether the case is removable, *i.e.*, the [jurisdictional facts are] unstated or ambiguous." *Harris*, 425 F.3d at 693. Plaintiff's Complaint does not affirmatively allege or otherwise state that the amount in controversy exceeds $5,000,000. Further, it is not discernable from the face of the Complaint that more than $5,000,000 was placed in controversy. There is nothing in the Complaint setting forth

1  the amount of damages recoverable for the alleged legal violations, nor the number of times the
2  violations allegedly occurred. (*See generally* Complaint). Rather, the Complaint simply demands
3  damages and other remedies in an unstated amount. *Id.* at Prayer for Relief. Additionally,
4  Plaintiff's Complaint does not affirmatively allege or otherwise state that there are at least 100
5  putative class members.

6  62.  Under *Harris*, the Court must not "inquire into the subjective knowledge of the
7  defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when.
8  Rather . . . the court [may] rely on the face of the initial pleading and on the documents exchanged
9  in the case by the parties to determine when the defendant had notice of the grounds for removal,
10 requiring that those grounds be apparent within the four corners of the initial pleading or
11 subsequent paper." *Harris*, 425 F.3d at 695 (quoting *Lovern v. GMC*, 121 F.3d 160, 162 (4th Cir.
12 1997)). Thus, the Complaint is "indeterminate" and its service does not trigger the first 28 U.S.C.
13 section 1446(b) thirty-day window to remove. *See Roth*, 720 F.3d at 1125 (holding that complaint
14 was "indeterminate" when "[i]t did not reveal on its face that . . . there was sufficient amount in
15 controversy to support jurisdiction under CAFA); *see also Calkins v. Google, Inc.*, 2013 U.S. Dist.
16 LEXIS 97829, 2013 WL 3556042 at *2-3 (N.D. Cal. 2013) (holding that service of complaint did
17 not trigger thirty-day window when amount in controversy was not affirmatively stated, even
18 where defendant could have deduced the amount in controversy from documents in its
19 possession).

20 63.  As of the date of this filing, the parties have not exchanged any subsequent papers
21 determinative of the jurisdictional amount in controversy in this matter. Where neither the initial
22 pleading nor "other paper" discloses the grounds for removal, a defendant may remove at any time
23 after it independently learns of the facts supporting removal jurisdiction. *Roth*, 720 F.3d at 1125.
24 Defendant, based on its own investigation and internal records, has been able to determine that the
25 amount in controversy based on the allegations in Plaintiff's Complaint well exceeds the
26 $5,000,000 threshold and that there are at least 100 putative class members and is filing this notice
27 within the first thirty days after it received the initial pleading. Thus, the facts alleged in this
28 notice support that removal is both proper and timely.

## V. JOINDER

64. Defendant is not aware of any other defendant that exists and who has been named in the Complaint or who has been served with a summons and the Complaint. The only defendants named in Plaintiff's Complaint are H&E Equipment Services, Inc. and fictitiously named Doe defendants, whose presence is disregarded for purposes of removal.

## VI. VENUE

65. Venue is proper in this Court pursuant to 28 U.S.C. sections 84(a) and 1391.

## VII. NOTICE TO PLAINTIFF AND STATE COURT

66. This Notice of Removal will be promptly served on Plaintiff and filed with the Superior Court of the State of California in and for the County of Alameda.

67. In compliance with 28 U.S.C. section 1446(a), true and correct copies of all "process, pleadings, and orders" from the state court action served on Defendant or filed by Defendant are attached hereto as **Exhibits A through G**.

WHEREFORE, having provided notice as is required by law, the above-entitled action is removed from the Superior Court for the County of Alameda to this Court.

DATED:  September 4, 2020          **LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: _/s/ Jeffrey S. Ranen_
JEFFREY S. RANEN
SOOJIN KANG
NOLAN W. KESSLER
Attorneys for Defendant H&E EQUIPMENT SERVICES, INC.

