4825-6570-4367.1

# EXHIBIT A



# Service of Process Transmittal

08/05/2020
CT Log Number 538049109

**TO:** Wesley Hebert
H&E Equipment Services Inc.
7500 Pecue Ln
Baton Rouge, LA 70809-5107

**RE:** **Process Served in California**

**FOR:** H&E Equipment Services, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | CHARISMA COLEMAN, ETC., PLTF. vs. H&E EQUIPMENT SERVICES, INC., ETC., ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # RG20069157 |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/05/2020 at 15:09 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780113344287<br><br>Image SOP<br><br>Email Notification,  Wesley Hebert  whebert@he-equipment.com<br><br>Email Notification,  Frankie Wynn  fwynn@he-equipment.com<br><br>Email Notification,  John Berry  jberry@he-equipment.com<br><br>Email Notification,  Lori West  lwest@he-equipment.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| **For Questions:** | 866-665-5799<br>SouthTeam2@wolterskluwer.com |

Page 1 of  1 / MK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



## PROCESS SERVER DELIVERY DETAILS

| | |
|---|---|
| Date: | Wed, Aug 5, 2020 |
| Server Name: | Jimmy Lizama |
| Location: | LOS ANGELES, CA-LA |
| | |
| Entity Served | H&E EQUIPMENT SERVICES, INC. |
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | RG20069157 |
| Jurisdiction | CA-LA |



SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
H&E EQUIPMENT SERVICES, INC., a Delaware corporation; and DOES 1 through 100, inclusive;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CHARISMA COLEMAN, individually, and on behalf of other members of the general public similarly situated;

(SOLO PARA USO DE LA CORTE)
ENDORSED
FILED
ALAMEDA COUNTY
JUL 27 2020
CLERK OF THE SUPERIOR COURT
By_____ Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is: Alameda Superior Court
*(El nombre y dirección de la corte es):*

Rene C. Davidson Courthouse
1225 Fallon Street, Oakland, California 94612

CASE NUMBER *(Número del Caso):*
RG20069157

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Douglas Han, JUSTICE LAW CORPORATION; 751 N. Fair Oaks Avenue, Suite 101, Pasadena, CA 91103; (818)230-7502

DATE: JUL 2 7 2020          Chad Finke          Clerk, by _____, Deputy
*(Fecha)*                                       *(Secretario)*                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: H&E EQUIPMENT SERVICES, INC., a Delaware corporation
   under: ☒ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

privacy, please press the Clear This Form button after yo... [ Print this form ] [ Save this form ]    [ Clear this form ]

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number and address): | FOR COURT USE ONLY |
|---|---|
| Douglas Han (SBN 232858) / Daniel J. Park (SBN 274973)<br>JUSTICE LAW CORPORATION<br>751 N. Fair Oaks Avenue, Suite 101, Pasadena, California 91103<br>TELEPHONE NO.: 818-230-7502   FAX NO. (Optional): 818-230-7259<br>ATTORNEY FOR (Name): Plaintiff Charisma Coleman | **ENDORSED FILED ALAMEDA COUNTY**<br><br>JUL 27 2020<br><br>CLERK OF THE SUPERIOR COURT<br>By _____ Deputy |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA<br>STREET ADDRESS: 1225 Fallon Street<br>MAILING ADDRESS: 1225 Fallon Street<br>CITY AND ZIP CODE: Oakland, California 94612<br>BRANCH NAME: Rene C. Davidson Courthouse | |
| CASE NAME:<br>Coleman v. H&E Equipment Services, Inc. | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited   [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | RG20069157<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Construction defect (10) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [X] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more
          issues that will be time-consuming to resolve              courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence           f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [■] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): One (1)
5. This case [X] is [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: July 24, 2020

Douglas Han
(TYPE OR PRINT NAME)                                     ▶ /s/ D. Han
                                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET                              CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

---

CM-010 [Rev. July 1, 2007]                          **CIVIL CASE COVER SHEET**                                      Page 2 of 2

privacy, please press the Clear This Form button after y[ou]   [Print this form]   [Save this form]       [Clear this form]

| Short Title: Coleman v. H&E Equipment Services, Inc. | Case Number: |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW <u>UNLIMITED</u> CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

| [X] Oakland, Rene C. Davidson Alameda County Courthouse (446) | [ ] Hayward Hall of Justice (447) |
|---|---|
| | [ ] Pleasanton, Gale-Schenone Hall of Justice (448) |

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | Is this an uninsured motorist case? [ ] yes [ ] no | | |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (<u>not</u> asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [X] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial   Is the deft. in possession |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential   of the property? |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs   [ ] Yes   [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No | | |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

202-19 (5/1/00)

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | DOUGLAS HAN (SBN 232858)<br>SHUNT TATAVOS-GHARAJEH (SBN 272164)<br>DANIEL J. PARK (SBN 274973)<br>**JUSTICE LAW CORPORATION**<br>751 N. Fair Oaks Avenue, Suite 101<br>Pasadena, California 91103<br>Telephone: (818) 230-7502<br>Facsimile: (818) 230-7259 | ENDORSED<br>FILED<br>ALAMEDA COUNTY<br>JUL 27 2020<br>CLERK OF THE SUPERIOR COURT<br>By _____<br>Deputy |

*Attorneys for* Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF ALAMEDA

RG20069157

| | |
|---|---|
| CHARISMA COLEMAN, individually, and on behalf of other members of the general public similarly situated;<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>H&E EQUIPMENT SERVICES, INC., a Delaware corporation; and DOES 1 through 100, inclusive;<br><br>　　　　　Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>(1) **VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200,** *ET SEQ.* |

CLASS ACTION COMPLAINT

COMES NOW, Plaintiff CHARISMA COLEMAN ("Plaintiff"), individually, and on behalf of members of the general public similarly situated alleges as follows:

## JURISDICTION AND VENUE

1. This class action is brought pursuant to the California Code of Civil Procedure section 382. The restitution sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

2. This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

3. This Court has jurisdiction over all Defendants because, upon information and belief, each party is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

4. Venue is proper in this Court because, upon information and belief, Defendants maintain offices, have agents, and transact business in the County of Alameda.

## PARTIES

5. Plaintiff CHARISMA COLEMAN ("Plaintiff") is an individual residing in the State of California.

6. Defendant H&E EQUIPMENT SERVICES, INC., at all times herein mentioned, was and is, upon information and belief, a corporation organized and existing under the laws of the State of Delaware, and transacts business throughout the State of California, including the County of Alameda.

7. At all relevant times, Defendant H&E EQUIPMENT SERVICES, INC., was the "employer" of Plaintiff within the meaning of all applicable state laws and statutes.

/ / /

/ / /

8. At all times herein relevant, H&E EQUIPMENT SERVICES, INC., and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, representatives, servants, employees, successors, co-conspirators and assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each defendant designated herein.

9. The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sues said defendants by such fictitious names. Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

10. H&E EQUIPMENT SERVICES, INC., and DOES 1 through 100 will hereinafter collectively be referred to as Defendants.

11. Plaintiff further alleges that Defendants including the unknown defendants identified as DOES, directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff and the other class members so as to make each of said Defendants employers and employers liable under the statutory provisions set forth herein.

## CLASS ACTION ALLEGATIONS

12. Plaintiff brings this action on her own behalf and on behalf of all other members of the general public similarly situated, and, thus, seeks class certification under Code of Civil Procedure section 382.

///

2

13. The proposed class is defined as follows:

All current and former California-based (*i.e.*, currently "residing" in California with the intent to remain in California indefinitely) hourly-paid or non-exempt employees of Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment.

14. Plaintiff reserves the right to establish subclasses as appropriate.

15. The class is ascertainable and there is a well-defined community of interest in the litigation:

   a. Numerosity: The class members are so numerous that joinder of all class members is impracticable. The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be approximately fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' records.

   b. Typicality: Plaintiff's claims are typical of all other class members as demonstrated herein. Plaintiff will fairly and adequately protect the interests of the other class members with whom she has a well-defined community of interest.

   c. Adequacy: Plaintiff will fairly and adequately protect the interests of each class member, with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has no interest that is antagonistic to the other class members. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

///

d. <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

e. <u>Public Policy Considerations</u>: Certification of this lawsuit as a class action will advance public policy objectives. Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

16. There are common questions of law and fact as to the class members that predominate over questions affecting only individual members. The following common questions of law or fact, among others, exist as to the members of the class:

a. Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

b. Whether Defendants had a corporate policy and practice of failing to pay their hourly-paid or non-exempt employees within the State of California for all hours worked, missed meal and rest periods in violation of California law;

c. Whether Defendants time keeping system rounded their hourly-paid or non-exempt employees time to deprive them of wages for all hours worked;

d. Whether Defendants required Plaintiff and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

e. Whether Defendants failed to include non-discretionary bonuses and incentives in Plaintiff and the other class members' regular rate;

  f. Whether Defendants deprived Plaintiff and the other class members of meal periods or required Plaintiff and the other class members to work during meal periods without compensation;

  g. Whether Defendants deprived Plaintiff and the other class members of rest periods or required Plaintiff and the other class members to work during rest periods without compensation;

  h. Whether Defendants failed to pay minimum wages to Plaintiff and the other class members;

  i. Whether Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs;

  j. Whether Defendants' conduct was willful or reckless; and

  k. Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, *et seq.*

## GENERAL ALLEGATIONS

17. At all relevant times set forth herein, Defendants employed Plaintiff and other persons as hourly-paid or non-exempt employees within the State of California.

18. Defendants employed Plaintiff as an hourly-paid or non-exempt employee in or about 2017 in the State of California, County of Alameda.

19. Defendants hired Plaintiff and the other class members and classified them as hourly-paid or non-exempt employees and failed to properly calculate and compensate them for all hours worked, missed meal and rest periods.

20. Defendants had the authority to hire and terminate Plaintiff and the other class members, to set work rules and conditions governing Plaintiff's and the other class members' employment, and to supervise their daily employment activities.

21. Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other class members' employment for them to be joint employers of Plaintiff and the other class members.

///

22. Defendants directly hired and paid wages and benefits to Plaintiff and other class members.

23. Defendants continue to employ hourly-paid or non-exempt employees within the State of California, including the County of Alameda.

24. Plaintiff is informed and believes, and based thereon alleges, that at all times herein relevant, Defendants were advised by skilled lawyers and other professionals, employees, advisors, and consultants highly knowledgeable about California wage laws, employment and personnel practices.

25. Plaintiff is informed and believes, and based thereon alleges, that at all times herein relevant, without any justification, Defendants ignored the employment and personnel policy changes proposed by skilled lawyers and other professionals, employees, advisors, and consultants highly knowledgeable about California wage laws, employment and personnel practices.

26. Plaintiff and other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

27. Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California. This scheme involved, *inter alia*, failing to properly calculate their overtime pay and pay them for all hours worked, missed meal and rest periods in violation of California law.

28. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and other class members were entitled to receive certain wages for overtime compensation and that they were not receiving wages for overtime compensation.

29. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and other class members were entitled to receive overtime at the regular rate of pay that includes all forms of compensation instead of at just hourly rate of pay.

30. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and other class members the required meal periods and rest breaks during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

31. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and other class member's regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and other class member's regular rate of pay when a meal period was missed.

32. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's regular rate of pay when a rest period was missed, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and other class members' regular rate of pay when a rest period was missed.

33. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and other class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked.

34. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and other class members were entitled to receive reimbursements for all business expenses incurred in discharge of his duties.

/ / /

/ / /

/ / /

35. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and other class members that they were properly denied wages, all in order to increase Defendants' profits.

36. At all relevant times set forth herein, Defendants failed to pay overtime wages to Plaintiff and other class members. Plaintiff and other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation.

37. At all relevant times set forth herein, Defendants failed to provide uninterrupted meal periods and rest breaks to Plaintiff and other class members.

38. At all relevant times set forth herein, Defendants failed to pay Plaintiff and other class members at least minimum wages for all hours worked.

39. At all relevant times set forth herein, Defendants failed to properly compensate Plaintiff and other class members pursuant to California law in order to increase Defendants' profits.

40. California Labor Code section 218 states that noting in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him under this article."

**FIRST CAUSE OF ACTION**

**Violation of California Business & Professions Code §§ 17200,** *et seq.*

**(Against H&E EQUIPMENT SERVICES, INC. and Does 1 through 100)**

41. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 40, and each and every part thereof with the same force and effect as though fully set forth herein.

///

///

42. Defendants' conduct, as alleged herein, has been, and continues to be unfair, unlawful and harmful to Plaintiff, other class members, to the general public, and Defendants' competitors. Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

43. Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, *et seq.*

44. A violation of California Business & Professions Code section 17200, *et seq.* may be predicated on the violation of any state or federal law. Here, the violation is predicated on Defendants' failure to comply with the California Labor Code, including:

### Failure to Pay Overtime

45. Defendants' failure to pay overtime and failure to properly calculate overtime in violation of the Wage Orders and California Labor Code sections 510 and 1198, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code section 17200, *et seq.*

### Failing to Provide Meal Periods

46. Defendants' failure to provide legally required meal periods in violation of the Wage Orders and California Labor Code sections 226.7 and 512(a), as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code section 17200, *et seq.*

### Failure to Provide Rest Periods

47. Defendants' failure to provide legally required rest periods in violation of the Wage Orders and California Labor Code section 226.7, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code section 17200, *et seq.*

///
///
///

9

### Failure to Pay Minimum Wages

48. Defendants' failure to pay minimum wages in violation of the Wage Orders and California Labor Code sections 1194, 1197 and 1197.1, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code section 17200, *et seq.*

### Failure to Reimburse Business Expenses

49. Defendants' failure to reimburse any and all necessary expenditures or losses incurred by employees in direct consequence of the discharge of their duties violates the mandate of the Wage Orders and California Labor Code sections 2800 and 2802 as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code section 17200, *et seq.*

50. As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

51. Plaintiff and the other class members (but not all) have been personally injured and continue to be injured by Defendants' unlawful business acts and practices as alleged herein, including, but not necessarily limited to, the loss of money and/or property.

52. Pursuant to California Business & Professions Code section 17200, *et seq.*, Plaintiff and the other class members (but not all) are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this Complaint; an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

///

///

///

10

CLASS ACTION COMPLAINT

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, and on behalf of members of the general public similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1. That this action be certified as a class action;

2. That Plaintiff be appointed as the representative of the Class;

3. That counsel for Plaintiff be appointed as Class Counsel; and

4. That Defendants provide to Class Counsel, immediately upon its appointment, the names and most current contact information (names, address, telephone numbers and emails) of all class members.

### As to the First Cause of Action

5. That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code section 17200, *et seq.* by failing to provide Plaintiff and other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiff and other class members, failing to pay for all missed meal and rest periods to Plaintiff and other class members, failing to pay all minimum wages due to Plaintiff and other class members, and failing to reimburse Plaintiff and other class members' business expenses. For all actual, consequential, and incidental losses and damages, according to proof;

6. For restitution of unpaid wages and other monies wrongfully withheld and retained by Defendants to Plaintiff and other class members and prejudgment interest from the day such amount was due and payable;

7. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully withheld acquired by Defendants as a result of violations of California Business & Professions Code section 17200, *et seq.*;

/ / /

/ / /

1     8.     For reasonable attorneys' fees and costs of suit incurred herein that Plaintiff and the other class members are entitled to recover under California Code of Civil Procedure section 1021.5; and

    9.     For such other and further relief as the Court may deem equitable and appropriate.

DATED: July 24, 2020             **JUSTICE LAW CORPORATION**

By: _____
Douglas Han
Shunt Tatavos-Gharajeh
Daniel J. Park
*Attorneys for* Plaintiff